UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Jennifer A. Hadsall, Regional Director of Region 18 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner<br><br>v.<br><br>SUNBELT RENTALS, INC.,<br><br>Respondent | Civil No. 2:20-cv-00181 |

**CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION: MOTION TO TRY SECTION 10(j) PETITION BASED ON ADMINISTRATIVE RECORD AND SUPPLEMENTAL AFFIDAVITS**

By this Motion filed pursuant to Civil L.R. 7(h), Petitioner moves this Court to determine the matter based on the transcript from the underlying administrative hearing and supplemental affidavits limited to the issue of the equitable necessity of injunctive relief.

**Material Facts**

Petitioner has filed a petition for injunctive relief pursuant to Section 10(j) of the National Labor Relations Act. 29 U.S.C. § 160(j). The underlying administrative hearing in this matter opened on December 16, 2019, and continued through December 18, 2019, in front of National Labor Relations Board Administrative Law Judge Michael A. Rosas. The hearing was not completed at that time due to a privilege review by an appointed Special Master of documents subpoenaed from Respondent. The hearing is now set to resume on February 18, 2020, and is expected to conclude that week. During the course of the hearing, testimony is taken under oath and all parties are provided an opportunity to appear, introduce evidence, and examine and cross-examine witnesses. The alleged unfair labor practices subject to the Petition pending before this

1

Court are the subject matter of that administrative hearing. The administrative proceedings will produce a full and complete record of the alleged unfair labor practices that the Court must consider in determining whether injunctive relief is warranted. The Board, which will make the ultimate findings of fact in this labor dispute, and any reviewing appellate tribunals, are limited to considering the testimony and other evidence in the administrative record that is developed before Judge Rosas.

## **Argument**

By granting this Motion, the Court will avoid the delay inherent in scheduling days of hearing, avoid duplicative litigation, facilitate a speedy decision, and conserve the time and resources of the Court and the parties. This procedure fully comports with the priority that should be given to this proceeding under 28 U.S.C. § 1657(a) and the purpose of Section 10(j) relief. 29 U.S.C. § 160(j). Furthermore, Circuit courts have long recognized the appropriateness of relying on the record before the administrative law judge, as supplemented by additional evidentiary material, when considering injunctive relief.[1] Because the issue of whether injunctive relief is just and proper is not germane to the underlying administrative proceeding, Petitioner requests leave to allow both parties to supplement the administrative record with affidavit testimony on that issue.

---

[1] "The transcript of the [NLRB] proceeding before the ALJ was submitted to the district court. At the request of the Director, the district court did not conduct an evidentiary hearing; the court heard no live testimony. Rather than conducting a formal hearing, the district court relied on the record before the ALJ supplemented with additional evidentiary materials." *NLRB v. Electro-Voice. In*c., 83 F.3d 1559, 1566 (7th Cir. 1996). *See also, e.g., Lineback v. Spurlino Materials,* 564 F.3d 491, 498-499 (7th Cir. 2008) (affirming grant of injunction where district court relied on administrative record and conducted hearing on the equitable issues rather than on merits).

Based on the above, Petitioner respectfully moves that the Court utilize the record in the underlying administrative proceeding before the Board, as supplemented by appropriate affidavits, as the factual basis for determining whether injunctive relief is warranted.

Dated: February 6, 2020.

Respectfully submitted,

/s/ Tyler J. Wiese
Minnesota Bar No.: 0392601
Attorney for Petitioner
National Labor Relations Board, Region 18
Federal Office Building
212 3rd Avenue S, Suite 200
Minneapolis, MN 55401
Telephone: (952) 703-2891
Fax: (612) 348-1785
E-Mail: tyler.wiese@nlrb.gov


/s/ Renée M. Medved
Wisconsin Bar No.: 1073232
Attorney for Petitioner
National Labor Relations Board, Region 18
310 W. Wisconsin, Suite 450W
Milwaukee, WI 53203
Telephone: (414) 930-7202
Fax: (414) 297-3880
Email: renee.medved@nlrb.gov